```
                   IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF TEXAS
                             DALLAS DIVISION

RONNIE PAUL THREADGILL,            §
                                   §
              Petitioner,          §
                                   §
VS.                                §
                                   § Civil Action No. 3:05-CV-2217-D
                                   §
RICK THALER, Director,             §
Texas Department of Criminal       §
Justice, Correctional              §
Institutions Division,             §
                                   §
              Respondent.          §
```

## MEMORANDUM OPINION AND ORDER

The court denied the habeas petition of Ronnie Paul Threadgill ("Threadgill") in a memorandum opinion and order filed August 10, 2009. *Threadgill v. Quarterman*, 2009 WL 2448499, at *25 (N.D. Tex. Aug. 10, 2009) (Fitzwater, C.J.). Threadgill now applies for a certificate of appealability ("COA") on four of his five claims (grounds one through four). He also asks that the court make certain editorial corrections to its memorandum opinion and order. The court grants in part and denies in part the application for a COA, and it makes the editorial changes identified below.

In deciding Threadgill's COA application, the court incorporates by reference its August 10, 2009 memorandum opinion and order denying Threadgill's habeas petition. In making the COA determination in this case, the following relevant standards apply.

> The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a petitioner to obtain a COA to appeal the district court's denial of his habeas petition. We may only grant a COA if the petitioner makes a substantial showing of the denial of a constitutional right. A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. In making this determination, we conduct a threshold inquiry that involves an overview of the claims in the habeas petition and a general assessment of their merits but does not require full consideration of the factual or legal bases adduced in support of the claims. In death-penalty cases, we resolve in favor of the petitioner any doubts whether a COA should issue.

*Buck v. Thaler*, 2009 WL 3054056, at *3 (5th Cir. Sept. 25, 2009) (per curiam) (unpublished opinion) (footnotes and quotation marks omitted). "The question is the debatability of the underlying constitutional claim, not the resolution of that debate. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Maxwell v. Thaler*, 2009 WL 2981896, at *2 (5th Cir. Sept. 18, 2009) (per curiam) (unpublished opinion) (citations, quotation marks, and brackets omitted).

Resolving in Threadgill's favor any doubts about whether a COA should issue, the court concludes as to ground one of his petition⸺that he was denied effective assistance of counsel under

the Sixth and Fourteenth Amendments when his trial counsel failed to adequately investigate and challenge the State's use of an extraneous offense to enhance his sentence of death—that jurists of reason could disagree with this court's resolution of that ground or that they could at least conclude that ground one is adequate to deserve encouragement to proceed further.  The court concludes that a COA should not issue as to grounds two, three, and four, however, because Threadgill has failed to make a substantial showing of the denial of a constitutional right.

    The court makes the following two editorial changes to its memorandum opinion and order filed August 10, 2009: (1) all references to Dr. "Kessler" are changed to Dr. "Kessner"; and (2) at page 3, 2009 WL 2981896, at *2, the sentence that reads, "Deputy Beck testified that he had investigated the incident and had obtained a statement from Forge; Forge had identified Threadgill from a photo lineup; Threadgill was positive in his identification and in no way hesitant; and Threadgill never recanted the identification" is modified to read, "Deputy Beck testified that he had investigated the incident and had obtained a statement from Forge; Forge had identified Threadgill from a photo lineup; Forge was positive in his identification and in no way hesitant; and Forge never recanted the identification."

Threadgill's September 8, 2009 application for a COA is granted in part and denied in part.

**SO ORDERED.**

October 7, 2009.

                              _____
                              SIDNEY A. FITZWATER
                              CHIEF JUDGE